IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THEODORE PETERSON,<br><br>             Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>             Defendant. | CV 17–105–H–CCL<br><br>ORDER |

Before the Court is Plaintiff Theodore Peterson's Motion for Partial Summary Judgment and Defendant State Farm's Motion to Deny or Defer Consideration of the Motion for Partial Summary Judgment. The Complaint was filed on November 11, 2017. (ECF No. 1.) The Answer was filed on December 21, 2017. (ECF No. 2.) This case is currently set down for a preliminary pretrial conference on May 22, 2018.

1

This case is a diversity jurisdiction case presenting claims of breach of insurance contract and breach of the Montana Unfair Trade Practices Act (UTPA). The case arises out of Peterson's motorcycle accident in July 2013 in Bozeman, Montana. State Farm insured both Peterson and the at-fault driver. Peterson claims in his motion that the facts are not in dispute and they demonstrate that State Farm has not conducted a reasonable investigation as to his payment demands, has failed to effectuate a prompt, fair, and equitable settlement when liability is reasonably clear, and has misrepresented insurance policy provisions.

Peterson informs the Court that State Farm has paid him the $100,000 policy limit for the at-fault driver and has also paid him $82,205 in additional medical expenses. Peterson anticipates $80,000 in additional medical expenses. Peterson has demanded the remainder of the $500,000 in stacked Underinsured Motorist coverage (UIM) and left the offer open for 30 days. After requesting two extensions in September and October, 2017, State Farm hired defense counsel and demanded that Peterson submit to a medical exam. Peterson contends that State Farm has failed to review his medical records, has denied certain of his expenses

related to medical care (travel, hotel, rental car), and has refused to offer to settle his claim, forcing Peterson to file this litigation in November 2017.

Legal Standard

To succeed on a motion for summary judgment, the movant must "show that there is no genuine dispute as to any material fact" and that the movant "is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(a). It is the movant's burden to demonstrate the legal basis for the motion and to identify evidence that shows an absence of genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party to establish that there is a genuine dispute of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Conclusory statements will not meet this burden, and if the opposing party cannot demonstrate that a triable issue of fact exists, then the movant is entitled to summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court must view the evidence in the light most favorable to the non-moving party. *Id.* at 255.

Under Montana law, the UTPA prohibits insurers from misrepresenting

facts or insurance policy provisions, refusing to pay claims without conducting a reasonable investigation, and neglecting to attempt in good faith to settle when liability is reasonable clear. MCA § 33-18-201(1), (4), (6). "Under Montana law, 'liability is 'reasonably clear' when a reasonable person, with knowledge of relevant facts and law, could conclude, for good reason, that the defendant is liable to the plaintiff.'" *Peterson v. St. Paul Fire and Marine Ins. Co.*, 239 P.3d 904 (Mont. 2010). However, "[a] court may determine reasonableness at the summary judgment stage only when no material facts are disputed and the underlying basis of law is grounded in a legal conclusion." *Jarvis v. Allstate Ins. Co.*, CV 11-132-BLG-RFC-CSO (D. Mont. Dec. 11, 2012), *citing Burton v. Mountain West Farm Bureau Ins. Co.*, 214 F.R.D. 598, 602 (D. Mont. 2003). A reasonableness determination can be made at the summary judgment stage when no material facts are in dispute. *Id.*

Discussion

Defendant State Farm claims that it is still evaluating Peterson's $500,000 UIM policy limit demand, which was submitted several months before this

litigation was initiated. Peterson's treating surgeon has opined that Peterson may have to undergo future knee surgery. State Farm intends to have an Independent Medical Evaluation conducted to determine whether all of Peterson's medical treatment is causally related to the accident and is medically necessary. (State Farm asserts that Peterson refused to undergo an IME prior to the filing of the Complaint.) State Farm will also seek an opinion on prognosis, future treatment needs, and likely costs of future treatment. Finally, State Farm will seek an opinion as to what, if any, physical or occupational limitations of Mr. Peterson's are causally related to the July 2013 accident. State Farm anticipates deposing Peterson's medical providers and conducting written discovery.

In defending its current position, State Farm asserts that there are discrepancies in Peterson's medical records and in his counsel's communications as to whether Peterson has had a total knee replacement or, instead, has had arthroscopic surgery. State Farm disputes the accuracy of the amount of compensatory damages claimed by Peterson's under his UIM coverage. State Farm is uncertain that all treatment providers have been disclosed at this point;

furthermore, State Farm has learned that Peterson had arthroscopic surgery and physical therapy on the same knee during the year prior to the accident (either in 2011 or 2012), and that his knee pained him continuously for two years thereafter. State Farm has learned that the pre-accident arthroscopic surgery may have led to a second surgery in 2017. Moreover, State Farm has learned that Peterson had two accidents that injured his knee in May and July 2017. Other evidence obtained by State Farm indicates that Peterson told a physical therapist in 2017 that "his knee is doing so well that he forgets he even had surgery." (ECF No. 11-1, Aff. Alison Mayle,¶ 14 at 9.)

State Farm defends its inability to complete its evaluation by arguing that Peterson has not been entirely cooperative. State Farm has sent numerous Authorizations for Release of Information (ARI) to Peterson, and the last two ARIs sent to Peterson in 2015 were not returned to State Farm. One of Peterson's treatment providers allegedly refuses to answer any questions unless he is deposed.

In sum, State Farm disputes that the accident caused Peterson to need a total

knee replacement or that the value of his UIM claim is $600,000. Nevertheless, State Farm has paid approximately $190,000 to date (prior to filing of the Complaint) and another $15,235.50 afterward. State Farm believes that after further discovery it can and will complete its evaluation of Peterson's claim. (ECF No. 11-2, Aff. Guy Rogers, ¶ 7 at 5.)

It is apparent to the Court that Plaintiff's motion is premature and that because many, if not most, material facts are either unknown or in dispute, the motion should be denied with leave to refile after the parties have had the opportunity to conduct discovery in this case.

The Court notes that State Farm has asserted in its Answer that venue is proper in the Butte Division. Pursuant to Fed. R. Civ. P. 12(i), the Court must hear and decide such a motion ("whether made in a pleading or by motion") prior to trial. Because the parties require a pretrial schedule before they can begin discovery, the Court will set a schedule first. Accordingly,

IT IS HEREBY ORDERED that Peterson's motion for partial summary judgment is DENIED with leave to refile after discovery is completed.

IT IS FURTHER ORDERED that Defendant's motion to deny Peterson's motion for partial summary judgment or defer consideration is DENIED as moot.

IT IS FURTHER ORDERED that the Court will hear the venue argument asserted in State Farm's Answer at the conclusion of the preliminary pretrial conference on May 22, 2018.

Dated this 15th day of May, 2018.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE